IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSS BLOMBERG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT, INC.,<br><br>Defendant. | Case No. 17-CV-9015<br><br>TRIAL BY JURY DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Ross Blomberg brings this action individually and on behalf of all similarly situated persons against Defendant Home Depot Inc. In support of his Class Action Complaint, Mr. Blomberg states:

## INTRODUCTION

1. This is a class action lawsuit seeking damages on behalf of all class members against Home Depot for its failure to secure and safeguard its customer's personal financial data.

2. In or about April 2014, Home Depot's point-of-sale systems throughout the United States were infected with malicious software. Home Depot did not become aware of the existence of the malicious software until in or about September 2014.

3. The malicious software allowed hackers to steal Home Depot's customers' debit and credit card information, as well as city, state, and ZIP code of the specific location where the car was used. It also allowed hackers to steal Home Depot's customers' personal information, including e-mail addresses. The personal financial data and personal information was later placed for sale on various websites known for offering stolen personal data.

4. Home Depot failed to uncover and disclose the extent to which its point-of-sale systems were compromised and notify its customers in a timely manner. By failing to provide adequate notice, Home Depot prevented Mr. Blomberg and putative class members from taking adequate protective measures including cancelling their credit or debit cards and changing passwords for their financial accounts and e-mails.

5. Home Depot's failure to adequately secure its point-of-sale systems enabled the hackers to steal its customers' financial and personal data. That data was later used to make unauthorized purchases and otherwise put putative class members' financial information at risk. The hackers continue to use and sell the financial and personal information they obtained as a result of Home Depot's inadequate security.

6. Mr. Blomberg, on behalf of himself and other members of the Class assets claims for breach of implied contract and violations of the Illinois consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1, et seq., and seeks injunctive and declaratory relief.

## JURISDICTION

7. This Court has jurisdiction over this Action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The number of Class members exceeds 100, at least one Class member resides in a state other than Delaware and Georgia, Home Depot's state of incorporation and principal place of business respectfully, and the aggregated claims of the Class members exceed the sum value of $5 million, exclusive of interests and costs.

## PARTIES

8. Mr. Blomberg is an Illinois citizen who lives in Round Lake Park, Lake County, Illinois. Mr. Blomberg purchased supplies at Home Depot for both personal and professional use.

Mr. Blomberg made purchases with his credit card at Home Depot locations in Round Lake Beach, IL and Volo, IL.

9. Home Depot Inc., is a Delaware corporation with its principal place of business in Atlanta, Georgia. Home Depot operates stores in all 50 states.

## VENUE

10. Venue is proper in this District under 28 U.S.C. §1391 because Home Depot does substantial business in the State of Illinois and a substantial part of the events giving rise to the claims complained of herein occurred in this District.

## DEMAND FOR JURY

11. Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Blomberg demands a trial by jury of any and all issues in this action so triable by right.

## FACTUAL BACKGROUND

12. Home Depot uses point-of-sale systems to process its customers' in-store debit and credit card payments. On September 2, 2014, Home Depot's banking partners and law enforcement officials notified Home Depot of "unusual activity" connected with its point-of-sale systems. Also on September 2, 2014, several banks made statements regarding potential fraudulent activity which the banks had traced to Home Depot.

13. On September 18, 2014, Home Depot announced that its internal investigation confirmed that its customers' financial data had been stolen. Customers who had their financial data stolen included anyone who used a credit card or debit card at any of the more than 2,200 Home Depot locations in the United States or Canada between April 2014 and early September 2014.

14. The stolen card data being offered for sale on rescator.cc and many other websites which regularly facilitate sales of stolen financial data. The data includes all of the information needed to create counterfeit cards as well as the cardholder's full name and the city, state and ZIP of the Home Depot store from which the card was stolen. Home Depot's customers' social security and date of birth information were also stolen.

15. Home Depot caused its customers' financial data to be stolen by failing to abide by best practices and industry standards in protecting customers' financial information. In fact, the malicious software used to steal Home Depot's customers' financial information was a variant of "BlackPOS." Hackers had previously utilized BlackPOS in other recent cyber attacks, including the massive data breach at Target in late 2013. In response to the breach, Home Depot announced that it will be implementing security procedures which have already been implemented by industry retailers, banks, and other financial institutions.

16. Home Depot's failure to adequately secure its customers' financial data allowed Home Depot to saving on the costs of compliance. However, this came at the expense of Home Depot's own customers – including Mr. Blomber and putative class members – who have had fraudulent activity on their accounts and otherwise had their financial information placed at risk.

17. As a result of Home Depot's failure to prevent the breach, Mr. Blomberg became a victim of identity theft. A third-party made $974.50 in fraudulent purchases using his credit card information.

18. Included in the cost of the goods and services Mr. Blomberg and putative class members purchased from Home Depot was the cost of adequately safeguarding personal financial data. Because Home Depot did not adequately safeguard this data, Mr. Blomberg and

putative class members incurred monetary damages because they overpaid for the goods and services purchased from the Home Depot.

19.     After the breach, Home Depot suggested to Mr. Blomberg and putative class members to check their credit reports and close any affected accounts. However, fraudulent use of cards might not be apparent for years. Therefore, consumers must expend considerable time taking these precautions for years to come.

20.     Mr. Blomberg and the Class suffered additional damages based on the time that Mr. Blomberg and the Class have been forced to expend to monitor their financial and bank accounts. Such damages also include the cost of obtaining replacement credit and debit cards.

21.     On or about November 6, 2014, Home Depot discovered that files containing approximately 53 million e-mail addresses were stolen in conjunction with the theft of personal financial data. These e-mail addresses can be used along with the personal financial data already stolen to use phishing scams to attempt to steal additional information from Home Depot's customers. Like the personal financial data, Home Depot failed to adequately safeguard its customers' e-mail addresses.

## CLASS ACTION ALLEGATIONS

22.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, Mr. Blomberg brings this lawsuit as a class action on behalf of the following Classes:

>   a.   As to Count I, a Class of: all persons residing in the United States who made an in-store purchase at a Home Depot location using a debit or credit card at any time from April 1, 2014 through September 18, 2104.

   b. As to Count II, a Class of: all persons residing in Illinois who made an in-store purchase at a Home Depot location using a debit or credit card at any time from April 1, 2014 through September 18, 2104.

Excluded from these Classes are Home Depot and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded are any judicial officers presiding over this matter and the members of their immediate families and judicial staff.

  23. Pursuant to Rule 23(a)(1) of the Federal rules of Civil Procedure, the member of the putative classes are so numerous and geographically dispersed that individual joinder of all member of the putative classes is impracticable. Thousands (or perhaps millions) of putative class members have used their credit card or debit card at Home Depot.

  24. Pursuant to Rule 23(a)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, this action involves common question of law and fact, which predominate over any question affecting individual putative class member, including, but limited to:

   a. Whether Home Depot failed to use reasonable care and commercially reasonable methods to secure and safeguard its customers' sensitive financial information;

   b. Whether Home Depot properly implemented its purported security measures to protect customer financial information from unauthorized capture, dissemination, and misuse;

   c. Whether Home Depot's conduct violates the Illinois Consumer Fraud Acts;

   d. Whether Home Depot's conduct constitutes breach of an implied contract; and

   e. Whether Plaintiff and the other members of the Class are entitled to damages, injunctive relief, or other equitable reliefs.

25. Pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure, Mr. Blomberg's claims are typical of the other putative class member's claims because all members of the putative classes were comparably injured through Home Depot's failure to adequately safeguard its customers' financial and personal data.

26. Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, Mr. Blomberg is an adequate class representative because his interests do not conflict with the interests of the other members of the putative classes Mr. Blomberg seeks to represent. In addition, Mr. Blomberg has retained counsel competent and experienced in complex class action litigation. Finally, Mr. Blomberg intends to prosecute this action vigorously and the putative class members' interests will be fairly and adequately protected by Mr. Blomberg and his counsel.

27. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is superior to other available methods for the fair and efficient adjudication of the controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Mr. Blomberg and putative class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Home Depot, so it would be impracticable for the members of the putative class to individually seek redress for Home Depot's wrongful conduct. Even if putative class members could afford individual litigation, the court system could not. Individualized litigation creates the potential for inconsistent or contradictory outcomes, and increases the delay and expense to all parties and the court system. In contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
### Breach of Implied Contract

28. Mr. Blomberg realleges paragraphs 1-27.

29. Home Depot requires its customers who make purchases with debit or credit cards to provide their card's data for payment verification.

30. In providing such financial data, Mr. Blomberg and putative class members entered into an implied contract with Home Depot whereby Home Depot became obligated to reasonably safeguard Mr. Blomberg and putative class members' personal financial data.

31. Mr. Blomberg and putative class members would not have entrusted their private and confidential financial and personal information to Defendant in the absence of such an implied contract.

32. Home Depot breached the implied contract with Mr. Blomberg and the other members of the Class by failing to take reasonable measures to safeguard their financial data.

33. Mr. Blomberg and the other Class members suffered and will continue to suffer damages including but not limited to loss of their financial information and loss of money and costs incurred as a result of increased risk of identity theft, all of which have ascertainable value to be proven at trial.

WHEREFORE, Mr. Blomberg respectfully requests that the Court grant the following relief:

A. Enter an order pursuant to Rule 23 of the Federal Rules of Civil Procedure permitting this Action to be maintained as a class action, appointing Mr. Blomberg as the representative of the Class, and Mr. Blomberg's counsel as counsel for the Class

B.  Entered a judgment in favor of Mr. Blomberg and the Class against Home Depot for damages in the amount to be proven at trial, including economic damages and aggravation and incontinence; and

C.  Award attorneys' fees and such further relief as the Court deems proper and just.

## COUNT II
**Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act**

34.  Mr. Blomberg realleges paragraphs 1-27 as if fully set forth herein.

35.  Mr. Blomberg and the other members of the Class were deceived by Home Depot's failure to properly implement adequate security measures to protect their private financial data.

36.  Home Depot intended for Mr. Blomberg and the other members of the Class to rely on Home Depot to protect the information furnished to it in connection with their debit and credit card transactions from access by unauthorized third parties.

37.  Home Depot failed to follow industry practices concerning data theft and was negligent in preventing such data theft from occurring, allowing Mr. Blomberg and the other Class members' personal information to become compromised.

38.   It was foreseeable that Home Depot's willful indifference or negligence in handling its customers' personal information would put that information at an increased risk of compromise.

39.   Home Depot benefited from mishandling its customers' personal information because, by not taking preventative measures that would have prevented the data from being compromised, Home Depot saved on the cost of those security measures.

40. Home Depot's fraudulent and deceptive acts and omissions were intended to induce Mr. Blomberg and putative class members' reliance on Home Depot's deception that their financial information was secure and protected.

41. Home Depot violated 815 ILCS 505/2 by failing to properly implement adequate security measures to protect Mr. Blomberg and putative class members' private financial information, by failing to warn shoppers that their information was at risk, and by failing to discover and immediately notify affected customers of the nature and extent of the security breach.

42. Home Depot's failure to employ reasonable and appropriate security measures to protect consumers' personal information constitute violations of the Federal Trade Commission Act, 15 U.S.C. § 45(a).

43. Home Depot's conduct constitutes unfair acts or practices because Home Depot caused substantial injury to Mr. Blomberg and putative class members that is not offset by countervailing benefits to consumers or competition and is not reasonably avoidable by consumers.

44. In addition, Home Depot also engaged in an unlawful practice by failing to comply with 815 ILCS 530/10(a), which provides:

> Sec. 10. Notice of Breach. (a) Any data collector that owns or licenses personal information concerning an Illinois resident shall notify the resident at no charge that there has been a breach of the security of the system data following discovery or notification of the breach. The disclosure notification shall be made in the most expedient time possible and without unreasonable delay, consistent with any measures necessary to determine the scope of the breach and restore the reasonable integrity, security, and confidentiality of the data system

45. 815 ILCS 530/20 provides that a violation of 815 ILCS 530/10 "constitutes an unlawful practice under the Consumer Fraud and Deceptive Business Practices Act."

46. Mr. Blomberg and putative class members have suffered injury in fact and actual damages including lost money and property as a result of Home Depot's violations of 815 ILCS 505/2.

47. Mr. Blomberg and putative class members' injuries were proximately caused by Home Depot's fraudulent and deceptive behavior, which was conducted with reckless indifference toward the rights of others, such that an award of punitive damages is appropriate.

WHEREFORE, Mr. Blomberg respectfully requests that the Court grant the following relief:

A. Enter an order pursuant to Rule 23 of the Federal Rules of Civil Procedure permitting this Action to be maintained as a class action, appointing Mr. Blomberg as the representative of the Class, and Mr. Blomberg's counsel as counsel for the Class

B. Entered a judgment in favor of Mr. Blomberg and the Class against Home Depot for damages in the amount to be proven at trial, including economic damages and aggravation and incontinence; and

C. Award attorneys' fees and such further relief as the Court deems proper and just.

Dated: November 10, 2014                                    ROSS BLOMBERG

                                                            By: /s/ John Auchter

Vincent L. DiTommaso
Peter S. Lubin
John Auchter
DiTommaso ♦ Lubin, P.C.
17W220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
T: (630) 333-0000
F: (630) 333-0333